## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| IN THE MATTER OF THE UNITED STATES V. BROADUS JOHNSON | DC Superior Court Case No. 2016 CF2 6843 |
|---|---|
| | Misc No._____ |

### UNITED STATES' MOTION FOR THE ISSUANCE OF A SUBPOENA PURSUANT TO 28 U.S.C. §1783

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and, pursuant to 28 U.S.C. §1783, moves for the issuance of a subpoena to Kimberly Pezzat, requiring Ms. Pezzat's appearance as a witness at the re-trial of the above-captioned case. Ms. Pezzat is a national of the United States who is in a foreign country, namely, Japan. For the reasons stated in the attached Memorandum of Law, Ms. Pezzat's testimony is necessary in the interest of justice.

Because the Motion can be easily resolved based on the pleadings, the government does not believe that oral argument is necessary.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

/s/ Monica Trigoso
_____
MONICA TRIGOSO
LAUREN BRESSACK
ASSISTANT UNITED STATES ATTORNEYS
D.C. Bar No. 1014827
555 4th Street NW Room 3630
Washington, D.C. 20530
(202) 252-7768

1

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE UNITED STATES
V. BROADUS JOHNSON

DC Superior Court Case No. 2016 CF2
6843

Misc No._____

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION FOR THE ISSUANCE OF A SUBPOENA
## PURSUANT TO 28 U.S.C. §1783

The government is moving this Court for an Order authorizing the issuance of a subpoena

requiring the attendance of a United States national at the re-trial in the above Superior Court for

the District of Columbia matter. The witness is a United States citizen presently living in Japan.

Although parties to criminal cases normally do not need the intervention of the court in order to

issue trial subpoenas, such is not the case with U.S. nationals living abroad. Instead, such

subpoenas are governed by the Walsh Act, 28 U.S.C. §1783 and §1784.

I.    **The Walsh Act**

First enacted in 1926, the Walsh Act, in its present form, authorizes federal courts to compel

the attendance of United States nationals[1] living abroad. 28 U.S.C. §1783(a). The Walsh Act also

contains specific authorization and penalties for contempt of any subpoena issued pursuant to

§1783. 28 U.S.C. §1784. In Blackmer v. United States, 284 U.S. 421 (1932), the Supreme Court

upheld the Walsh Act, ruling that Congress possesses the authority to require the attendance of

citizens living abroad to "support the administration of justice by attending its courts and giving

his testimony whenever he is properly summoned." Id. at 438.

---

[1] A "national" is "(A) a citizen of the United States, or (B) a person who, though not a citizen of
the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). Upon
information and belief, Kimberly Pezzat is a citizen of the United States.

The Walsh Act, 28 U.S.C. §1783(a) provides:

(a) A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him, if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner.

Therefore, the main question in the issuance of any such subpoena in a criminal case[2] is whether the witness' proposed appearance is "necessary in the interest of justice."

## II.   <u>Kimberly Pezzat's Testimony is "Necessary in the Interest of Justice"</u>

In the above case, witness Kimberly Pezzat is a necessary - indeed critical – witness. In fact, because this case was previously tried before a jury, the Government knows the importance and extent of Ms. Pezzat's testimony. Ms. Pezzat, now a retired Metropolitan Police Department detective, was then the lead investigator in the case. She responded to the scene, observed and spoke with the victim and two eyewitnesses, obtained descriptions of the alleged suspects from the eyewitnesses, and conducted identification procedures with the eyewitnesses. Former Detective Pezzat testified in the first trial, which commenced on June 5, 2017 and resulted in a mistrial on June 14, 2017. Her testimony about the eyewitnesses' statements of identification was critical to the issue of the identity of the suspects.

The evidence at the first trial established that on May 6, 2016 at approximately 3:00 a.m., two suspects assaulted and robbed the complainant, Jacob Jochum, near the 2000 block of 18th Street NW, Washington, D.C. The two suspects punched Mr. Jochum in the face and dragged him into

---

[2] As the statute makes clear, in civil cases, there is the additional requirement that the movant must show that it is not possible to obtain the testimony through alternative means.

an alley where they continued to punch and kick him. The suspects then stole the Mr. Jochum's wallet. Two eyewitnesses observed the offense from across the street and approached the two suspects in order to end the assault and help Mr. Jochum, who they did not know. As the witnesses approached, the suspects stopped assaulting Mr. Jochum and fled on foot, running passed both eyewitnesses. One eyewitness chased the suspects and the other eyewitness called 911, providing a description of the suspects and Mr. Jochum.

A few minutes after the dispatcher first relayed the information from the 911 call, Sergeants Hallahan and Beirne were canvasing the 1700 block of U Street, approximately two blocks away from the location of the offense, when they observed two individuals who matched the descriptions of suspects walking down the street. The sergeants stopped the individuals and confirmed again that the individuals matched the description given by the eyewitnesses to the assault.

Detective Kimberly Pezzat responded to the scene to locate the victim and eyewitnesses. Upon observing the victim, Detective Pezzat encouraged him to go to the hospital to be treated for his injuries, as he was bleeding heavily from the nose and she believed that his nose was broken and that his injuries required immediate medical attention. Detective Pezzat also spoke with the eyewitnesses on the scene and obtained descriptions of the suspects. When the eyewitnesses indicated that they would be able to identify the suspects if they saw them again, Detective Pezzat conducted independent show-up identification procedures with those eyewitnesses and obtained their statements of identification. Both eyewitnesses positively identified the defendant Broadus Johnson, and co-defendant George Brooks, as the two men who they saw punching and kicking the victim. Based on those identifications, the defendants were arrested and transported to the Third District for processing.

4

The complaining witness, Mr. Jochum, was transported to the hospital and treated for a broken nose and minor lacerations.

Based on the facts above, the Defendant Johnson and his co-defendant were indicted with one count of Robbery, one count of Assault with Intent to Commit Robbery, and one count of Assault with Significant Bodily Injury.

On June 5, 2017, the jury trial commenced before the Honorable Judge Ronna Beck in the Superior Court for the District of Columbia. On June 14, 2017, the jury returned their partial verdict. Defendant Johnson was acquitted of Robbery, but the jury was hung on the other two charges, of Assault with Intent to Commit Robbery and Assault with Significant Bodily Injury, resulting in a mistrial.[3]

After the partial verdict, the Government informed the defense that it was planning on a re-trial for Defendant Johnson on the remaining two charges and that for the re-trial, it intended to use either the sworn transcript of Detective Pezzat's testimony from the first trial or live video conferencing because Detective Pezzat would be residing outside of the United States at the time of the re-trial and would be unable to come back to the United States within the next year.

As of June 18, 2017, just a few days after the first trial ended, Detective Pezzat has been residing in Japan with her partner and their two young children. As a non-military U.S. citizen, Detective Pezzat moved to Japan because of her partner's military career. Her partner is working full-time for the Army at the Okinawa military base and there is a possibility that she will be deployed out of Japan to other countries in the region within the next year. Detective Pezzat is the primary caregiver for her children, both of whom are under the age of four.

---

[3] Co-defendant Brooks was acquitted on all charges.

A flight from Tokyo, Japan to Washington, DC is approximately 14 hours. Including layovers and the time difference, the total travel time from Tokyo to Washington, D.C. is over 20 hours. At this time, Detective Pezzat has no plans to visit the United States within the next year and is not willing or able to return for a trial due to her family obligations. Detective Pezzat indicated however, that she is willing to testify via live video conferencing. The Government does not have the ability to serve Detective Pezzat with a subpoena because she is out of the Superior Court's jurisdiction.

After learning that Detective Pezzat would not be willing or able to return to testify for the re-trial, the Government informed the defense and the Court of the issue of her unavailability and sought alternate solutions, including her live video conferencing testimony, as well as a bench trial, both options that the defense has rejected.[4] Subsequently, a new trial date of May 2, 2018 was selected.

The Government now moves this Court for an Order authorizing the issuance of a subpoena requiring the attendance of Ms. Pezzat at the re-trial in the above matter, if this Court finds that her live, in-person testimony is necessary in the interest of justice.

### III.   Conclusion

Given the importance of Ms. Pezzat's testimony, the United States asserts that her testimony is "necessary in the interest of justice." Therefore, the government requests that this Court order

---

[4] Post-trial the government offered the defendant a plea offer of one count of simple assault and one count of attempted theft in the second degree. The defendant rejected this plea offer. Additionally, the government has proposed to dismiss the felony charges and reduce the two charges to misdemeanors if the defense would waive Detective Pezzat's live testimony. The misdemeanors would be a bench trial in front of this Court, who has already had the opportunity to observe Detective Pezzat testify in the former trial and, therefore, has been able to evaluate her demeanor and credibility. The defendant has rejected this offer.

Kimberly Pezzat attendant at trial commencing May 2, 2018, and continuing until further order of

this Court. A proposed Order[5] and subpoena are attached.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

/s/ Monica Trigoso

MONICA TRIGOSO
LAUREN BRESSACK
ASSISTANT UNITED STATES ATTORNEYS
D.C. Bar No. 1014827
555 4th Street NW Room 3630
Washington, D.C. 20530
(202) 252-7768
Monica.Trigoso@usdoj.gov

---

[5] Section 1783(b) directs that the order authorizing the issuance of the subpoena state the estimated amount of the travel and attendance expenses. Assuming a 7-day stay for the witness, the government has sought to obtain a good faith estimate of expenses, which, as of the date of this filing, break down as follows:

|  |  |  |
|---|---|---|
| • | Roundtrip Airfare for one person | - $1440 (up to 4,320 total if 3 people are traveling) |
| • | Per Diem | - $196 (28.00 per day) |
|  | **Total** | - $1,636 - $4,516 |
| • | Hotel | - $1771 ($253 per night) |
| • | Other expenses (transp., etc.) | - $150 |
|  |  | - |
|  | **TOTAL** | - **$3,557 - $6,437** |

7

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE UNITED STATES V. BROADUS JOHNSON** | **DC Superior Court Case No. 2016 CF2 6843**<br><br>**Misc No.**_____ |

## ORDER

This matter came to be heard on the United States' Motion for the Issuance of a Subpoena Pursuant to 28 U.S.C. §1783. After due consideration, this Court finds that:

1. Kimberly Pezzat is a national of the United States who is currently in a foreign country; and

2. Kimberly Pezzat's testimony is necessary in the interest of justice.

Therefore, it is hereby:

### ORDERED, ADJUDGED AND DECREED

1. The United States is authorized to issue a trial subpoena to Kimberly Pezzat directing her appearance before this Court on May 2, 2018 at 9:30am, and continuing until further order of the Court;

2. Service of the subpoena shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country; and

3. The United States shall pay for the travel and attendance expenses of Kimberly Pezzat and possibly her two children, which at the time of this Order are estimated to be $6,437.

Per Order,

_____
Deputy Clerk

ENTER:

_____
BERYL A. HOWELL
United States District Chief Judge

DATE:

_____

8

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
## SUBPOENA

UNITED STATES

vs.                                    Case No. 2016CF2006843

BROADUS JOHNSON

To:  KIMBERLY PEZZAT

YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division Courtroom   310   of the Superior Court of the District of Columbia, 500 Indiana Avenue, Washington, D.C., on the   05/02/2018,   at   9:00am   as a witness for

THE GOVERNMENT

☒ and please bring   **PROPER IDENTIFICATION AND SUBPOENA.**

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this 21 day of November, 2017.

TIMOTHY BEIRNE                DISTRICT 3 (MPD)
Officer in Charge                   District

Lauren Bressack
Attorney for Government/Defendant

JAMES D. McGINLEY, J D / L M , CIADR
CLERK OF THE COURT

Phone No.  (202) 252-7822

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989) , is hereby given for issuance of subpoena for medical records.

| Date | Judge |
|---|---|
|  |  |

**RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:**

☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

| Name and Title of Individual Served | Address (If different than shown above) |
|---|---|
|  |  |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS".

| Date(s) of Endeavor | Date and Time of Service |
|---|---|
|  |  |

| REMARKS | Signature of Title of Server |
|---|---|
|  |  |